## Ed. Blank, Trading as Ed. Blank & Company *v.* London Guarantee & Accident Company, Limited, of London, England, Appellant.

*Insurance—Insurance against bad debts—Affidavit of defense—Sufficiency.*

In an action on a policy of credit insurance quoted in the opinion, an affidavit of defense, which avers that the debt is disputed by the debtor, and is in the process of litigation, is sufficient.

An averment that the bankruptcy of a debtor occurred after the term of insurance had expired, is also sufficient to prevent judgment.

Argued December 14, 1925. Appeal No. 337, October T., 1925, by defendant, from judgment of Municipal Court of Philadelphia County, June T., 1925, No. 1121, in the case of Ed. Blank, trading as Ed. Blank & Company v. London Guarantee & Accident Company, Limited, of London, England. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Modified.

Assumpsit on policy of credit insurance. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The Court made absolute the rule. Defendant appealed.

*Error assigned* was the decree of the Court.

*Wm. W. Smithers,* for appellant.

*Joseph Blank,* for appellee.

OPINION BY LINN, J., February 26, 1926:

Plaintiff has judgment for want of a sufficient affidavit of defense in his suit on a credit insurance policy. He was insured during 1924 against loss up to $5,000, resulting from his debtors' insolvency as defined in the policy. In adjusting the insurer's liability the policy provided for the deduction from the aggregate net loss of 25% as co-insurance, and certain other sums which need not now be specified. Suit was brought after the expiration of the term. Plaintiff declared that he had suffered losses on three accounts, referred to here briefly as the Keystone account, the Penn account, and the Firtel account. As to the Keystone account, the affidavit of defense set forth that the account was continuously disputed by the debtor and was now in suit at Harrisburg, Pennsylvania, and that the suit was not determined, and that accordingly plaintiff was not entitled to recover; that liability did not arise until the amount was ascertained pursuant to the provision in the policy providing that if such account "against a debtor is disputed in whole or in part, the same shall not be admitted in any adjustment under this policy until after it has been finally determined to be a valid claim against the debtor. ........" While that averment might with propriety have been amplified in detail, it sufficiently ad-

vises plaintiff of the defense to be interposed to enable
him adequately to prepare for trial; if the suit was
brought as the affidavit states, it must have been
brought in plaintiff's name, because plaintiff was the
creditor; that connection with the suit would keep
plaintiff advised exactly of its status; if a bona fide
dispute as to the amount due plaintiff by his debtors
exist, as averred, the loss is not yet payable.

The Penn claim is admitted in the affidavit of de-
fense but no legal reason is furnished for not paying
it, at least we do not so understand the averment to
the effect that the amount payable cannot be ascer-
tained until an adjustment is made of all the accounts
claimed under such policy, &c. If there is any such
difficulty, the basis of it should have been set forth, so
that we could pass on it. On this item plaintiff is en-
titled to judgment.

Concerning the Firtel account, the affidavit of de-
fense is sufficient to put the parties to trial. The state-
ment avers that the insolvency of this debtor is
covered by the policy, because "a consent for the ap-
pointment of a receiver was executed on December
31, 1924, by the attorney for Firtel Brothers, and an
involuntary petition in bankruptcy bearing the same
date was filed against the debtor". The affidavit of
defense avers that such consent is not insolvency as
defined in the policy; that in any event the petition
in bankruptcy was not filed until January 2, 1925, and
therefore not within the provisions of the policy, be-
cause occurring after the term of the insurance,—the
year 1924; and also that no notice thereof was given
to defendant until January 21, 1925,—said to be sub-
sequent to the date on which notice was required by
the policy. Plaintiff's averment is perhaps an incom-
plete or inadequate statement of what occurred during
1924; was the consent delivered? Was the attorney
authorized? Was the petition in bankruptcy filed in

1924? Those and other relevant matters may be cleared up at the trial. But the affidavit of defense raises a distinct issue of fact.

The record is remitted with instructions to modify the judgment by eliminating the items claimed on account of the Keystone State Shoe Mfg. Co. and the account of Firtel Brothers; as to them, a procedendo is awarded.